UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NATALIYA AKOBARDIYA,

                Plaintiff,

      -against-

PRINCESS CRUISE LINES, LTD., d/b/a PRINCESS
CRUISES, a foreign corporation,

                Defendant.
-------------------------------------------------------------------------x

**SUMMARY ORDER**

11-cv-02921 (DLI)(CLP)

**DORA L. IRIZARRY, United States District Judge:**

On June 17, 2011, plaintiff Nataliya Akobardiya ("Plaintiff") filed this personal injury action against defendant Princess Cruise Lines, Ltd. ("Defendant"). (*See* Compl., Dkt. Entry 1.) On October 20, 2011, because Plaintiff had neither filed proof of service nor done anything to move this case forward, the court issued a notice of impending dismissal for failure to prosecute, ordering Plaintiff to file proof of service by October 26, 2011, or the case would be dismissed for failure to prosecute. Plaintiff did not file proof of service or take any action in this case in response to the court's October 26, 2011 Order. The court dismissed the action on November 2, 2011, for failure to prosecute. On February 22, 2012, Plaintiff moved to reopen this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, asserting that her failure to move this case forward was due to excusable neglect. (Notice of Mot., Dkt. Entry 4-1, ("Niman Decl.") ¶¶ 22, 30-31.) Defendant did not respond to the motion. For the foregoing reasons, Plaintiff's motion to reopen is granted.

Pursuant to Rule 60(b), a court "may relieve a party or its legal representative from a final judgment" because of, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). A motion for reconsideration under Rule 60(b) is "generally granted only

1

upon the showing of exceptional circumstances." *Mendell v. Gollust*, 909 F. 2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115 (1991). Where, as here, a party asserts that it is entitled to relief because of excusable neglect, courts consider:

> all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (footnote omitted). The decision to grant or deny a motion under Rule 60(b) "is within the sound discretion of a district court judge." *Lichtenstein v. Reassure Am. Life Ins. Co.*, 2011 WL 1527787, at *1 (E.D.N.Y. Apr. 20, 2011) (quotation marks omitted).

Plaintiff contends that Defendant was served on October 11, 2011, within the 120-day time limit provided for in Rule 4(m) of the Federal Rules of Civil Procedure, even though proof of service was never filed. (*See* Umansky Aff., Dkt. Entry 4-2, ¶ 3); *see also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120-days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiff's counsel asserts that proof of service was not filed for two reasons. (*See* Niman Aff. ¶¶ 43-48.) First, Plaintiff's counsel explains that, for unknown reasons, he did not receive electronic notification of the court's October 20, 2011 Order directing Plaintiff to file proof of service by October 26, 2011. (*Id.* ¶ 44.) Second, Plaintiff states that when he received notice of the court's October 20, 2011 Order by e-mail from Defendant's counsel on October 28, 2011,[1] he asked his process server why proof of service had not been filed. (*Id.* ¶¶ 45-46.) The process server

---

[1] It is unclear as to how Defendant's counsel received notification of the Order, as Defendant's counsel has not yet appeared in this case.

2

explained that he believed that under New York law he had 20 days in which to file proof of service after serving Defendant.  (*Id.* ¶¶ 46-47.)  According to Plaintiff's counsel, he directed the process server to file proof of service, but by that time the case had been dismissed and the affidavit of service could not be filed.  (*Id.* ¶ 48.)

As an initial matter, the court fails to understand how Plaintiff's counsel could think he is entitled to rely upon a non-lawyer process server's interpretation of New York law, rather than counsel ensuring that proof of service was filed in accordance with applicable law.  However, even assuming for the sake of argument that Plaintiff had 20 days following service in which to file proof of service, the proof still could have been filed by October 31, 2011.  The court did not dismiss this case until November 2, 2011, and judgment was not entered until November 4, 2011.  Thus, Plaintiff's counsel's excuses do not survive minimal scrutiny, as proof of service could have been filed more than 20 days after service by the process server and by Plaintiff's counsel after he admittedly received notice of the impending dismissal.  Indeed, it is disconcerting that Plaintiff's counsel, as an officer of the court, would tell a tale to this court that obviously is at odds with reality.

However, while "proof of service must be made to the court . . . [f]ailure to prove service does not affect the validity of service."  Fed. R. Civ. P. 4(l).  Thus, despite failing to file proof of service, Plaintiff's service on October 11, 2011, apparently is valid and was accomplished within the 120-day limit provided for in Rule 4(m) of the Federal Rules of Civil Procedure.[2]  As further proof of service, Defendant's counsel filed a letter on October 28, 2011, which can be construed

---

[2] This is not to say that Defendant cannot move to dismiss, if appropriate, pursuant to Rule 12(b)(5) for insufficient service of process.  The court merely recognizes that, because Plaintiff has submitted an affidavit of service (*see* Dkt. Entry 4-3), she has made a prima facie showing of service.  *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F. 3d 54, 57 (2d Cir. 2002).

3

as a request for an extension of time to answer or otherwise respond to the complaint made without first seeking the Plaintiff's consent. (*See* Def.'s Letter, Dkt. Entry 2.) Defendant is not without some fault here either as defense counsel has neither filed a notice of appearance nor registered to receive notifications of electronic filings on this docket, as it is required to do and had ample time to do prior to the dismissal of this case. Defendant also never opposed or otherwise responded to Plaintiff's motion to reopen, despite having been served with the motion. (*See* Dkt. Entry 4, Exhibit 3, Affidavit of Service.)

The court is mindful that, in deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987). It appears that the statute of limitations has expired and, if this matter is not reopened, Plaintiff will be unable to have her claim decided on the merits. (*See* Niman Aff. ¶ 9.) By contrast, it does not appear that Defendant was prejudiced by the approximately four-month delay between dismissal and Plaintiff's motion to reopen. For example, the Second Circuit has observed that "it is difficult to imagine what possible undue prejudice might arise from a six-month delay . . . in comparison to the substantial injustice that the plaintiffs suffer through dismissal." *Foley v. United States*, 645 F. 2d 155, 157 (2d Cir. 1981); *see also Green ex rel. Estate of Green v. Advanced Cardiovascular Imaging*, 2009 WL 3154317, at *3 (S.D.N.Y. Sept. 30, 2009) ("Short delays generally do not prejudice the nonmoving party."). Here, Defendant had notice of this action, as it filed a letter in this case unrelated to the instant motion in October 2011, apparently seeking an extension of time to respond to the complaint (*see* Letter from Def., Dkt. Entry 2), but did not oppose Plaintiff's motion to reopen.

Thus, in light of the policy in this Circuit in favor of deciding Plaintiff's claims on the merits and the lack of prejudice from the relatively short delay, the court exercises its discretion in this instance to reopen this case. However, the court strongly admonishes Plaintiff's counsel that it takes a dim view of his failure to prosecute this case diligently thus far and will not tolerate continued disregard of his duties to his client and this court going forward. Counsel are admonished that if they fail to abide by any future orders or applicable rules of this court, or submit materials that lack factual bases, whether because of carelessness or bad faith, this court will not hesitate to impose sanctions.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for relief from the court's order and subsequent judgment dismissing this case is granted. Accordingly, this court's Order of November 2, 2012 dismissing and closing this case is VACATED, and the Clerk of the Court is directed to REOPEN this case. This case is referred to the magistrate judge for further pretrial proceedings, including settlement discussions.

SO ORDERED.

Dated: Brooklyn, New York
　　　　August 27, 2012

　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　United States District Judge